# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH M.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-302**     (Fam. Ct. Nicholas Cnty. Case No. FC-34-2024-D-37)

**HOLLIE L.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph M.[1] ("Husband") appeals the Family Court of Nicholas County's June 30, 2025, order directing him to continue paying Respondent Hollie L. ("Wife") for a vehicle that she was awarded in equitable distribution after the vehicle was crashed and paid off by her insurance company.[2] Wife did not participate in the appeal.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Husband and Wife were married on October 9, 2010. Two children were born of the marriage. The parties were divorced by order entered May 3, 2024. The family court ordered Husband to pay $733 per month in child support. Both parties waived any claim for spousal support and reached a settlement agreement on equitable distribution. Pursuant to their agreement, the family court awarded Wife exclusive use, possession, and ownership

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Husband is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

1

of the parties' Ford Edge vehicle. Husband agreed to assume the debt owed on the Ford Edge and to pay the monthly car payment of $630.

Sometime thereafter, Wife was involved in a car accident resulting in damage to the Ford Edge that rendered it a total loss. Wife's auto insurance paid all but $400 of the remaining debt owed on the vehicle, which Husband paid. Thereafter, Wife filed a petition for contempt against Husband for failing to make the remaining monthly payments on the Ford Edge allotted to her under the final divorce decree. The family court conducted a hearing on Wife's petition on June 17, 2025. At the hearing, Wife argued that Husband should be required to make the monthly payments for her benefit through January 2030, which was the expected payoff month, so she could use the funds to acquire a replacement vehicle. Husband argued that the divorce order anticipated he would pay off the Ford Edge, and because insurance paid the vehicle off, he should not be required to make any additional payments.

By order entered June 30, 2025, the family court held that, although not specifically designated as such in the divorce order, Husband's payments toward the Ford Edge were in the nature of alimony. In support of its decision, the family court cited *Beverly v. Beverly*, No. 23-ICA-575, 2024 WL 3594328 (W. Va. Ct. App. July 30, 2024) (memorandum decision). The court further ruled that Wife would pay $274.31 in monthly child support to Husband. The court then offset the $274.31 from the $630 vehicle payment, and ordered Husband to pay Wife $355.69 per month through and including January 2030. Husband now appeals the June 30, 2025, order.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises one assignment of error. He asserts that the family court erred when it ordered him to pay for Wife's vehicle after it was paid off after Wife's car accident. In support of his argument, Husband asserts that the parties waived alimony in the May 3, 2024, order. We agree.

The family court's finding that the *Beverly* case is applicable to this matter was erroneous. In *Beverly*, pursuant to the parties' agreement, the court granted the wife spousal

support in gross in an amount equal to the debt owed on the vehicle she received in equitable distribution, and the court ordered the husband agreed to pay off the debt on the vehicle by making monthly loan payments. *Id*. The vehicle was later damaged in a flood and the remaining debt owed was paid off with insurance proceeds. *Id*. The family court ruled that the husband was still responsible for the debt even though the debt was paid with insurance proceeds because he had agreed to make the payments as a form of spousal support. *Id*. Husband appealed and we affirmed the family court. *Id*.

*Beverly* is wholly distinguishable from the present case. Here, the parties waived spousal support, and the Ford Edge and its associated debt was divided between Husband and Wife as part of the equitable distribution of the marital estate. The court explicitly stated in the May 3, 2024, divorce order that the parties waived any claim for spousal support and did not associate Husband's assumption of the vehicle debt with spousal support. Therefore, the family court abused its discretion by finding that the car payments were "periodic payments in the nature of alimony" and by ordering Husband to resume payments to Wife.

Accordingly, we reverse the June 30, 2025, order and remand the matter to the Family Court of Nicholas County for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

3